UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 18-20250
                                           Honorable Victoria A. Roberts

BRIAN FLORENCE,

    Defendant.
_____/

**<u>ORDER DENYING MOTION FOR COMPASSIONATE
RELEASE/SENTENCE REDUCTION [ECF No. 31]</u>**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☐ **GRANTED**

    ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

    ☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel

arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

_____

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

_____

☐ **DEFERRED** pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before_____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ **DENIED** after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Under a Rule 11 plea agreement, Brian Florence ("Florence") pleaded guilty to one count of Online Enticement of a Child in violation of 18 U.S.C. § 2422(b). On July 16, 2018, the Court sentenced Florence to 135 months of incarceration. Florence now moves the Court for compassionate release based on his medical conditions and the COVID-19 pandemic.

The Court will not recite the Government's descriptions of Florence's behavior with an undercover FBI agent Florence believed to be the father of a 12-year-old girl, that led to the charges against him, but incorporates the descriptions outlined in the Government's Response. [ECF No. 41, PageID.424-429].

The compassionate release statute allows the Court to release a defendant if, among other things, "extraordinary and compelling reasons warrant such a

[release]," 18 U.S.C. § 3582(c)(1)(A)(i), and the applicable factors in 18 U.S.C. § 3553(a) support release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

### A. Medical Conditions

Florence says extraordinary and compelling reasons exist for his release because his rheumatoid arthritis, obesity, and high cholesterol place him at a heightened risk of illness and death from a COVID-19 infection. Florence also points to the current COVID-19 infection rate at FCI-Milan and the Bureau of Prison's ("BOP") "inadequate" response as evidence that the BOP is unable or unwilling to protect Florence from contracting COVID-19. The Government contends that Florence's medical conditions do not constitute extraordinary and compelling reasons and notes the various efforts it has taken to combat the spread of COVID-19 in its prisons. The parties also dispute whether the § 3553(a) factors support Florence's release.

Florence's weight fluctuates. The most recent medical records indicate that Florence is obese. The Centers for Disease Control & Prevention (CDC) defines "obese" as an individual having a body mass index (BMI) between 30 kg/m2 and < 40 kg/m2 and concludes that obesity "increases your risk of severe illness from COVID-19." *See* U.S. Centers for Disease Control & Prevention, *People with Certain Medical Conditions* (March 23, 2021). The Government acknowledges

5

Florence's most recent BMI was 32.8. [ECF No. 41, PageID.437]. Florence is obese. But the Sixth Circuit questions whether obesity is an extraordinary and compelling reason. *See United States v. Bass*, No. 21-1094, 2021 WL 476467, at *1 (6th Cir. Feb. 5, 2021) ("Whether morbid obesity is an extraordinary and compelling reason supporting compassionate release is questionable.").

In addition to his obesity, Florence produced BOP records demonstrating that he suffers from hyperlipidemia (high cholesterol) and, potentially, rheumatoid arthritis. The CDC recognizes neither as a condition which places Florence at higher risk of severe illness or death from COVID-19; although, courts have considered hyperlipidemia an aggravating factor when coupled with other CDC-recognized risk factors. *See Frushour v. United States*, No. CR 16-20226-1, 2020 WL 4734907, at *1 (E.D. Mich. Aug. 14, 2020) (78 year old defendant released who suffered from hyperlipidemia, Type II diabetes, a heart murmur, limited kidney function, skin cancer, recently underwent bariatric surgery to treat his morbid obesity); *see also United States v. Musumeci*, No. 07 CR. 402 (RMB), 2020 WL 8024350, at *1 (S.D.N.Y. Apr. 28, 2020) (66 year old defendant released who suffered from Type II Diabetes, high blood pressure, hyperlipidemia, kidney disease, esophageal reflux disorder, claustrophobia, knee pain, and dental needs).

But assuming that Florence's medical conditions do place him at increased risk of severe illness from COVID-19, Florence is not entitled to release because

he fails to demonstrate that the applicable § 3553(a) factors weigh in his favor.

## B. § 3553(a) Factors

The Court commends Florence for completing several trainings and courses while incarcerated at FCI-Milan including OSHA training and Drug Abuse Education. [ECF. No 31 pg. 51]. Florence also obtained a job in the prison factory building steel office furniture. *Id*. However, it is troubling that Florence declined to be considered for participation in the BOP's Sexual Offender Treatment Program (SOTP) even after both his psychologist and the Court recommended it to him. [ECF No. 50 *SEALED*, PageID.649] ("[i]t is recommended that Mr. FLORENCE participate in DAP [Drug Abuse Program] and SOTP. He declined an interest in SOTP"); [ECF No. 36, PageID.219]. While it is unlikely that Florence would have been able to participate in the SOTP program by now because participation is based on an inmate's projected release date, that he declined signals an unwillingness to address the underlying causes of the actions that led to his incarceration: the presence of pedophile and/or hebephile sexual interests and an overly sexualized childhood. [*See Presentence Investigation Report* pg. 12 - Dr. Dennis P. Sugrue Psychosocial Evaluation]. Dr. Sugrue's assessment that Florence "is a moderate/low risk of reoffending" was a reason why this Court imposed the sentence it did on Florence. [ECF No. 36, PageID.217]. By declining to even be considered for sex offender treatment, Florence has done little to assuage the

Court's concerns. Further rehabilitation must occur before the Court is convinced that Florence would not reoffend and would not be a danger to the community. Dr. Lynn Krystofik, Florence's BOP psychological provider, agrees with the Court and believes that Sex Offender Treatment Programming may begin to address these concerns. [ECF No. 50 *SEALED*, PageID.647].

Considering the nature and circumstances of his offense — communicating with a covert informant intending to obtain sexually explicit images of a 12 year old female and making arrangements to engage in sexual acts with her— releasing Florence after less than three years of an eleven year sentence would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public. *See* § 3553(a)(1)-(2). The Court finds that Florence's sentence remains appropriate considering the relevant § 3553(a) factors.

Because the applicable § 3553(a) factors weigh against him and do not dictate release, the Court **DENIES** Florence's motion.

**ORDERED**.

s/ Victoria A. Roberts<br>
Victoria A. Roberts<br>
United States District Judge

Dated:  March 24, 2021